IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, | ) |
|       Plaintiff, | ) Civil Action No. 2:25-cv-01474-CB |
| v. | ) Judge Cathy Bissoon |
| STEPHEN A. ZAPPALA, JR., *et al.*, | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

For the reasons that follow, Plaintiff's Motion for Leave to Proceed Under Pseudonym (Doc. 10) hereby is GRANTED.

**I.   MEMORANDUM**

Plaintiff filed her Complaint (Doc. 1) on September 24, 2025, under the pseudonym "Jane Doe." She alleges that the confidentiality provision (Section 17.2) of Pennsylvania's Educator Discipline Act violates the First Amendment of the United States Constitution, both as applied to her and on its face. Compl. (Doc. 1) at 13, 15. This provision makes it a criminal misdemeanor to disclose any information regarding a misconduct complaint against an educator that does not result in public discipline. 24 Pa. Stat. and Cons. Stat. Ann. § 2070.17b(a)–(b) (West 2025). As Plaintiff wishes to speak publicly about a misconduct complaint she alleges she filed against a fellow educator that did not result in charges, she seeks a pre-enforcement injunction against her prosecution or professional discipline under this Section. Compl. at 2.

As Plaintiff did not request leave to proceed under pseudonym when she filed her Complaint, this Court issued an Order to Show Cause (Doc. 8) on October 14, 2025. In

1

response, Plaintiff filed a Motion for Leave to Proceed Under Pseudonym on October 21, 2025, arguing that revealing her identity as the filer of the misconduct complaint at issue in this case would subject her to criminal prosecution and professional discipline under the very statute she challenges as unconstitutional.  See Br. in Supp. of Pl.'s Mot. for Leave to Proceed Under Pseudonym at 1–2 [hereinafter Br. in Supp. of Pl.'s Mot.].  Neither Defendant has filed a Response.

Although the public's interest in litigation generally requires parties to disclose their identities, see also Fed. R. Civ. P. 10(a), courts may allow a party to proceed under pseudonym in "exceptional cases."  Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011).  To proceed anonymously, the Third Circuit has held that a litigant must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  Id. (quoting Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)).  Courts consider a non-exhaustive list of nine factors to decide if a plaintiff's reasonable fear "outweighs the public's interest in open litigation."  Id. at 409–10 (citing Doe v. Provident Life & Accident Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

The first six factors evaluate the interests in favor of permitting use of a pseudonym. They include: (1) the extent to which the litigant's identity is still confidential and thus still can be protected effectively by a pseudonym; (2) how substantial the litigant's bases for fearing disclosure of their identity are; (3) "the magnitude of the public interest in maintaining" the litigant's anonymity; (4) whether the "public interest in knowing the litigants' identities" is unusually weak, such as when the case presents purely legal issues; (5) the undesirability of an adverse outcome for the litigant due to their refusal to pursue the case to avoid identification; and

(6) whether the litigant has "illegitimate ulterior motives" for seeking to hide their identity. Megless, 654 F.3d at 409.

The last three factors evaluate the interests against permitting use of a pseudonym. These factors include: (7) the universal public interest in knowing litigants' identities; (8) whether that interest is particularly strong in this case, including due to the case's subject matter or the litigant being a public figure; and (9) whether opposition to anonymity is based on illegitimate motives. Id.

Here, an analysis of these factors weighs in favor of permitting Plaintiff to proceed under pseudonym. First, as Plaintiff's identity has never been disclosed, see Br. in Supp. of Pl.'s Mot. at 7, it is still completely confidential and could be protected effectively by use of a pseudonym.

Second, Plaintiff's bases for fearing disclosure of her identity are at least somewhat substantial, as she fears criminal prosecution and professional discipline as an educator for disclosing her identity as a misconduct complainant, in violation of Section 17.2. Cf. Doe v. Weintraub, No. 23-3252-KSM, 2023 WL 7928680, at *3 (E.D. Pa. Nov. 16, 2023) (unreported) (finding in a similar constitutional challenge to Section 17.2 that the risk of criminal prosecution under this Section was a substantial basis for the plaintiff's fear of disclosure of his identity). This fear is undermined by Defendant Stephen A. Zappala, Jr.'s Declaration under penalty of perjury that neither he nor his Allegheny County District Attorney's Office will prosecute Plaintiff under Section 17.2 for the matters alleged in her Complaint. See Decl. by Stephen A. Zappala, Jr. (Doc. 16-4) at ¶ 4. However, Defendant Carrie Rowe, Acting Secretary of the Pennsylvania Department of Education, has made no such promise regarding potential professional discipline resulting from violation of this Section. While the risk of professional discipline is not nearly as severe as the risk of criminal prosecution, it rises above the mere

"embarrassment or economic harm" that the Third Circuit has said cannot justify pseudonymity. Megless, 654 F.3d at 408. Plaintiff's fear is thus reasonable and at least somewhat substantial.

Third, the public has a reasonably strong interest in maintaining Plaintiff's anonymity so as to allow her to challenge a potentially unconstitutional statute. Plaintiff states that she ultimately would like to disclose her identity, see Br. in Supp. of Pl.'s Mot. at 1, suggesting a public interest in disclosure; however, disclosure while Plaintiff is still at risk of professional discipline under Section 17.2 could deter similarly situated litigants from bringing similar constitutional challenges and "litigating claims that the public would like to have litigated." Megless, 654 F.3d at 410. Moreover, the challenged Act itself reflects a public interest in protecting the identities of misconduct complainants, supporting the public interest in maintaining Plaintiff's anonymity here. Cf. Weintraub, 2023 WL 7928680, at *4 (determining under similar facts that Pennsylvania's Educator Discipline Act's protection of complainants' identities reflected a public interest in maintaining anonymity).

Fourth, the public interest in knowing Plaintiff's identity is not unusually weak here, as issues of fact may be involved in her case. While her facial constitutional challenge to Section 17.2 involves purely legal issues, her "as applied" challenge does not. Nor are the facts undisputed, as Defendant Stephen A. Zappala, Jr. contests the allegation that the Allegheny County District Attorney's Office would prosecute Plaintiff under Section 17.2. See Answer by Stephen A. Zappala, Jr. (Doc. 16) at ¶¶ 24, 32, 42, 45. Thus the public interest in knowing Plaintiff's identity is not abnormally weak.

Fifth, it is unclear that Plaintiff would face an adverse outcome due to her refusal to pursue the case to avoid identification. Plaintiff indicates that refusing her anonymity "would force a choice" between her constitutional claims and avoidance of adverse action,

compromising her First Amendment speech rights.  See Br. in Supp. of Pl.'s Mot. at 10.  However, she has not indicated that she in fact would refuse to continue to litigate this case if required to reveal her identity.  This factor is therefore unclear.

Sixth, the Court finds no indication that Plaintiff has any illegitimate ulterior motive for seeking to hide her identity.

Turning to the factors against anonymity, under the seventh factor, the universal public interest in knowing litigants' identities is present in this case, as it is in all cases.

Moreover, under the eighth factor, this public interest is particularly strong in this case due to its subject matter.  While Plaintiff is not a public figure, both Defendants are government officials, and Plaintiff's suit challenges the constitutionality of a state statute and the potential for state action as applied to her.  The public therefore has a heightened interest in knowing the details of this case, including the litigants' identities.  Cf. Weintraub, 2023 WL 7928680, at *5 (finding a heightened public interest in a similar constitutional challenge to Section 17.2 due to its subject matter).

Finally, under the ninth factor, it is unclear whether opposition to anonymity is based on illegitimate motives, as neither Defendant has responded or voiced any opposition.

In summary, the Court finds that factors one, two, three and six support anonymity, while factors seven and eight weigh against it.  Factors four, five, and nine are neutral.  In balancing these factors, the Court finds that Plaintiff's reasonable fear of harm in this case "outweighs the public's interest in open litigation" and supports permitting Plaintiff to proceed under pseudonym.  Megless, 654 F.3d at 409.  The Court notes that other courts considering similar constitutional challenges to Section 17.2 likewise have listed pseudonyms for the plaintiff.  See, e.g., Weintraub, 2023 WL 7928680, at *7; Doe v. Schorn, 711 F.Supp.3d 375 (E.D. Pa. 2024).

## II. ORDER

For the foregoing reasons, the Court hereby GRANTS Plaintiff's MOTION for Leave to Proceed Under Pseudonym (Doc. 10). Plaintiff may proceed in the present litigation using the pseudonym "Jane Doe" unless and until the Court finds that the confidentiality provision of Pennsylvania's Educator Discipline Act is unconstitutional and issues an injunction barring Defendants from enforcing it against her. Should the Court so hold, the Court may order Plaintiff to disclose her identity at that time.

IT IS SO ORDERED.

January 9, 2026                                  s/ Cathy Bissoon
                                                 Cathy Bissoon
                                                 Chief United States District Judge


cc (via ECF email notification):

All Counsel of Record